Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**ROBERT O. EFFNER**
Terre Haute, Indiana



FILED
Mar 07 2013, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| INDIANA PUBLIC EMPLOYEE RETIREMENT FUND (PERF), | ) ) ) | |
| Appellant-Respondent, | ) ) | |
| vs. | ) ) | No. 84A05-1208-MI-410 |
| ROBERT O. EFFNER, | ) ) ) | |
| Appellee-Petitioner. | ) ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable Michael L. Lewis, Judge
Cause No. 84D06-1109-MI-8821

**March 7, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

The Indiana Public Retirement System ("the INPRS") appeals the Vigo Superior Court's order awarding Robert Effner ("Effner") retroactive Public Employee Retirement Fund benefits ("PERF benefits") to a date more than four years before Effner applied for benefits. Concluding that the trial court erred as a matter of law, we reverse and remand for proceedings consistent with this opinion.

**Facts and Procedural History**

In 1978, Effner obtained employment with the Vigo County Prosecutor's Office, which position made him eligible for PERF benefits. In 1994, Effner was employed by the Vigo County Public Defender. Effner left that position in 1997 and has not been employed in a job covered by PERF benefits since terminating that employment.

On some date after December 31, 2006, Effner received his first PERF Annual Member Statement concerning his PERF benefits. The statement listed PERF's record of Effner's creditable service and wages as of December 31, 2006. The statement informed Effner that PERF "uses this service and wage data to calculate what your *estimated* pension benefits will be once you become eligible to receive and apply for retirement benefits. This can be an excellent tool as you make plans for retirement. **Note that this calculation only estimates your projected pension benefit** . . . ." Appellant's App. p. 308 (emphasis in original). The statement also provides, "[e]ach year you work in a PERF-covered position, you are earning creditable service towards a retirement from the fund. The tables below show the creditable service and average salary used to estimate your future pension benefit." Id. at 310.

The statement contains a table calculating Effner's estimated benefit, which informed Effner that "if he had retired as of December 31, 2006," his monthly pension benefit "would be

2

approximately" $427.76. Next, the table estimates Effner's increased monthly pension benefit if he "worked 5 additional years." Id. Finally, the PERF statement provides, "We cannot provide your actual benefit amount until you apply for benefits when you chose to retire." Id. Effner received annual member statements with identical information for the years 2007, 2008, and 2009.

On November 10, 2010, Effner attended a PERF pre-retirement workshop. Five days later, he filed his PERF Retirement Application and listed his retirement date as August 1, 2006. PERF acknowledged receipt of the application but informed Effner that "PERF has a 6 month retro policy that says we cannot retro any benefit farther back than 6 months from the date we receive the retirement application." Id. at 347. PERF told Effner that his "earliest date available for retirement is 6-1-2010." Id.

On November 29, 2010, Effner sent a letter to PERF and stated that his "decision to delay PERF retirement until age 65 was based upon the Annual Member Statement sent to me in 2006." Id. at 348. Effner alleged that he was misled by the information provided in the 2006 Statement and believed that his pension benefit would increase if he delayed his retirement by five years. Therefore, Effner claimed that he was entitled to "said additional benefit, or in the alternative, benefits retroactive to August 1, 2006." Id.

PERF denied Effner's request for additional benefits because he was "not employed in a PERF-covered position earning creditable service during the five (5) years in which [he] delayed retirement." Id. at 350. PERF explained that it could not grant Effner five years "of service credit for years in which [he] were not earning service credit" because the calculation of benefits "is statutory and mandatory." Id.

3

Effner requested administrative review of the PERF decision and the matter was submitted to an administrative law judge on January 4, 2011. PERF and Effner filed motions for summary judgment. On August 3, 2011, the administrative law judge granted PERF's motion for summary judgment and affirmed PERF's denial of Effner's request for additional benefits. Id. at 27. Effner subsequently filed Objections to Decision and Recommended Order of Administrative Law Judge, and after reviewing the matter, the Executive Director of the INPRS affirmed the administrative law judge's decision.

Effner timely filed a petition for judicial review in Vigo Superior Court on September 28, 2011. The trial court issued findings of fact and conclusions of law on July 17, 2012. The court found that the administrative law judge's decision was "arbitrary, unsupported by substantial evidence and not in accordance with law[.]" Id. at 164. The trial court concluded that the statement in Effner's 2006 Annual Statement providing that if Effner "worked five (5) additional years, thus delaying his retirement, that he would be eligible to receive additional monthly pension benefits" was false, and Effner "being unaware of the falsity of this representation, relied upon said representation to his substantial detriment." Id. at 165. Ultimately, the trial court concluded that Effner was entitled to prevail on his claims of equitable estoppel, fraud and promissory estoppel. The court ordered PERF to calculate Effner's monthly pension benefit as if he had retired on August 1, 2006, and pay damages in an amount equal to the monthly benefits from August 1, 2006 to the date of commencement of payment of those benefits. And PERF was ordered to pay 8% interest on "such payments from the date each such payment would have been due if Petitioner had commenced retirement on

4

August 1, 2006." Id. at 167. The INPRS now appeals. Additional facts will be provided as necessary.

**Standard of Review**

In an appeal involving a decision of an administrative agency, our standard of review is governed by the Administrative Orders and Procedures Act, and we are bound by the same standard of review as the trial court. Dev. Servs. Alternatives, Inc. v. Ind. Family & Soc. Servs. Admin., 915 N.E.2d 169, 176 (Ind. Ct. App. 2009), trans. denied. Although the General Assembly has granted courts the power to review the action of state government agencies taken pursuant to the AOPA, such power of judicial review is quite limited. Beaty Const., Inc. v. Bd. of Safety Review, 912 N.E.2d 824, 828 (Ind. Ct. App. 2009).

The reviewing court may neither try the case de novo nor substitute its judgment for that of the agency. Dev. Servs., 915 N.E.2d at 176 (citing Ind. Code § 4-21.5-5-11). Judicial review of disputed issues of fact must be confined to the agency record for the agency action. Id. We will not reweigh the evidence, and we give deference to the expertise of the administrative body and will reverse the agency's decision only if it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to a constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence. Id. (citing Ind. Code § 4-21.5-5-14(d)). A decision is arbitrary and capricious when it is made without any consideration of the facts and lacks any basis that could lead a reasonable person to make the same decision made by the administrative

agency. Id. The burden of demonstrating the invalidity of an agency action is on the party asserting its invalidity. Beaty Const., 912 N.E.2d at 828 (citing Ind. Code § 4–21.5–5–14(a)).

**Discussion and Decision**

"The public employees' retirement fund of Indiana . . . is established to pay benefits to officers and employees of the state and its political subdivisions after specified years of service and under other specified circumstances." Ind. Code § 5-10.3-2-1. One component of the computation of a PERF member's benefits is the member's years of creditable service. See Ind. Code § 5-10.2-4-4. Creditable service "consists of all service in a position covered by a retirement fund plus all other service for which the retirement fund law gives credit." Ind. Code § 5-10.2-3.1. The parties agree that Effner has nearly 19 years of creditable service.[1]

The parties also agree that pursuant to Indiana Code section 5-10.2-4-1, Effner was eligible to retire when he received the 2006 Annual Statement from PERF. In 2006, Effner was 60 years old and had over fifteen years of creditable service. See I.C. § 5-10.2-4-1(b)(2) (stating a "member is eligible for normal retirement if: . . . (2) the member is at least sixty (60) years of age and has at least fifteen (15) years of creditable service[.]"). But Effner did not apply for PERF benefits until November 2010.

The General Assembly has unambiguously limited retroactive pension benefits to six months before the date the member's application is received. Ind. Code § 5-10.2-4-1(d)(3) ("A member who is eligible for normal or early retirement is entitled to choose a retirement date on which the member's benefit begins if the following conditions are met: . . . (3) The retirement

---

[1] Effner's 2006 Annual Statement lists only fifteen years of his creditable service. In 2010, Effner successfully obtained additional creditable service for his employment with the Vigo County Public Defender, where he was employed from June 6, 1994 to November 30, 1997.

6

date is not more than six (6) months before the date the application is received by the board."); see also Ind. Mun. Power Agency v. Town of Edinburgh, 769 N.E.2d 222, 226 (Ind. Ct. App. 2002) ("A statute that is clear and unambiguous must be read to mean what it plainly expresses, and its plain and obviously meaning may not be enlarged or restricted."). Therefore, the administrative law judge correctly concluded that "by law, PERF is prohibited from paying a PERF member retirement benefits retroactive to a date more than six (6) months before the member's retirement application is received by PERF." See Appellant's App. p. 26.

In spite of this unambiguous statutory limitation, Effner claims that he is entitled damages equaling the amount of his "lost benefits" based on the theories of fraud, equitable estoppel and promissory estoppel. At the heart of Effner's claims is his argument that the 2006 Annual Statement contained an "inaccurate, misleading and a material misrepresentation" concerning increased pension benefits if Effner continued to work for five additional years. Appellee's Br. at 14. Effner claims that "PERF is not insulated from responsibility for damages incurred . . . as a result of its misrepresentation in the 2006" Statement under the theories of fraud, promissory estoppel and equitable estoppel. Id. at 15.

Fraud, promissory estoppel and equitable estoppel each require proof of a material misrepresentation and/or that Effner reasonably relied on a promise to his detriment. See e.g. Brown v. Branch, 758 N.E.2d 48, 52 (2001); American Family Mut. Ins. Co. v. Ginther, 803 N.E.2d 224, 234 (Ind. Ct. App. 2004), trans. denied; Comfax Corp. v. North Am. Van Lines, Inc., 587 N.E.2d 118, 125 (Ind. Ct. App. 1992). Because we conclude, that as a matter of law, the 2006 Annual Statement did not contain a false or misleading statement or a statement that

Effner *reasonably* relied on to his detriment, Effner cannot prevail on these theories of recovery.

The 2006 Annual Statement provides that Effner could receive an increased monthly pension benefit "if [Effner] worked 5 additional years[.]" When that statement is read in the context of the entire Annual Statement it is more than clear that to receive an increased pension benefit, Effner was required to work an additional five years in PERF-covered employment.

The first two sentences of the 2006 Annual Statement provide: "This is PERF's first-ever Annual Member Statement, which lists our record of your PERF-covered service and wages as of Dec. 31. It uses this service and wage data to calculate what your estimated pension benefit will be once you become eligible to receive and apply for retirement benefits." Appellant's App. p. 308. The Statement contains a table titled "Your PERF Work History" listing each year of service, the employer during that year of service, Effner's salary, and his service credit. Id. at 309. Moreover, the Annual Statement repeatedly cautions Effner that the amount calculated is his "estimated" or "projected" pension benefit. Id. at 308-11. Also, the term "pension" is defined in the Statement as: "Your employer-sponsored retirement plan where the benefits are calculated using a formula that includes salary history and *length of employment in a PERF-covered position* (creditable service). You must meet specific age and service criteria to be eligible to receive this benefit." Id. at 308 (emphasis added).

Importantly, and on the page titled "Estimating Your PERF Benefits," the Statement provides, "Each year you work in a *PERF-covered position*, you are earning creditable service towards a retirement from the fund. The tables below show the creditable service and average salary used to estimate your future pension benefit." Id. at 310. One of the two tables referred

8

to in this statement is the table listing Effner's increased pension benefits if he "worked 5 additional years." Id. (emphasis added).

Effner has isolated one phrase from his 2006 Annual Statement to attempt to support his claims. In its entirety, the 2006 Annual Statement clearly and unambiguously informs the recipient that only employment in a PERF-covered position resulting in additional years of creditable service will increase the member's monthly pension benefit upon retirement. Effner's reliance on the phrase "if you worked 5 additional years" to conclude that additional years of service in non-covered PERF employment should increase his PERF pension benefits is simply not reasonable.[2]

We therefore reverse the trial court and remand this case with instructions to reinstate the final order of INPRS's executive director granting summary judgment to PERF.

Reversed and remanded for proceedings consistent with this opinion.

KIRSCH, J., and CRONE, J., concur.

---

[2] Because we have so concluded, we do not address the parties' discussion of the trial court's findings concerning the Administrative Law Judge's resolution of certain discovery disputes and the fact that the Executive Director's final order was not served on Effner by certified mail. There are no material facts in dispute between the parties and Effner does not dispute actual service of the Final Order.